UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KACEY LEWIS,                         :
       Plaintiff,                 :
                                          :
v.                                   :        CASE NO. 3:16-cv-589 (VLB)
                                          :
MAURICE LEE, et al.,                 :
       Defendants.                :

## INITIAL REVIEW ORDER

The plaintiff, Kacey Lewis, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  He names as defendants, Dr. Maurice Lee and Nurse Jill Burnes. The defendants are named in their individual and official capacities.  The plaintiff alleges that the defendants caused him to be forcibly injected with psychotropic drugs as punishment.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56

(2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); see also *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

On twenty dates, between November 25, 2011, and May 8, 2013, Dr. Lee ordered the plaintiff forcibly injected with Haldol.  The drug caused the plaintiff to suffer tardive dyskinesia, an irreversible neurological disorder characterized by involuntary and uncontrollable muscle movement.  In 2013, Dr. Lee told the plaintiff that Haldol had caused the tardive dyskinesia.  This diagnosis was confirmed by another doctor in August 2014.

In 2012, Dr. Lee ordered the plaintiff confined in a housing unit designated for inmates with profound mental illness.  The placement was punishment for the plaintiff's refusal to speak to mental health staff, including Dr. Lee.  The placement was not related to the plaintiff's physical or mental health.  Dr. Lee used medication to punish the plaintiff when he increased the dosage of psychotropic drugs that were forcibly injected into the plaintiff against his will.  During this period, the plaintiff suffered constant lethargy and dizziness.   He was

2

unable to stand for longer than a few minutes without becoming dizzy.  He also experienced fainting spells, which caused him to collapse.

On March 4, 2014, defendant Burnes placed the plaintiff in restrictive housing without due process and used the involuntary medication panel to forcibly inject him with psychotropic drugs as punishment.

## II.     Discussion

The Supreme Court has held that the right to substantive due process is violated if a person is subjected to conduct "so brutal and offensive to human dignity as to shock the conscience." *Vega v. Rell*, No. 3:09-cv-737(VLB), 2012 WL 2860793, at *7 (D. Conn. July 9, 2012) (quoting *Silvera v. Department of Corrections*, No. 3:09-cv-1398(VLB), 2012 WL 877219, at *15 (D. Conn. Mar. 14, 2012) (quotation marks omitted)).  In the prisoner context, the Supreme Court has found that the transfer to a mental hospital and the involuntary administration of psychotropic medication meet this standard.  *Id.* (citing *Sandin v. Conner*, 515 U.S. 472, 479 n. 4 (1995)).

The plaintiff alleges that Dr. Lee forcibly administered psychotropic drugs against his wishes without any medical necessity.  Thus, he has alleged a plausible claim for denial of his right to substantive due process.  *See Washington v. Harper*, 494 U.S. 210, 222 (1990) (substantive due process protects prisoner from involuntary administration of psychotropic drugs unless such treatment in best interest of inmate).

The plaintiff alleges that both defendants administered psychotropic drugs

3

to him solely as punishment.   In *Helling v.McKinney*, 509 U.S. 25 (1993), the Supreme Court recognized an Eighth Amendment claim for exposure to second-hand smoke, based upon the possibility that exposure "might 'unreasonably endanger[]' a prisoner's future health."  *Harrison v. Barkley*, 219 F.3d 132, 142 (2d Cir. 2000) (quoting *Helling*, 509 U.S. at 35).  To establish such a claim, the prisoner was required to show that the condition was "contrary to current standards of decency."  *Helling*, 509 U.S. at 35.  Use of psychotropic medications only as punishment and not for treatment of any serious mental health conditions could endanger the plaintiff's health and would violate current standards of decency.  Thus, the plaintiff's Eighth Amendment claims also will proceed at this time.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The Clerk shall verify the current work addresses of defendants Lee and Burnes with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within twenty-one (21) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her

**individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).**

**(2)  The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within twenty-one (21) days from the date of this order and to file a return of service within thirty (30) days from the date of this order.**

**(3)  The Clerk shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.**

**(4)  The Clerk shall send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.**

**(5)  The defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.**

**(6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.**

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

SO ORDERED this 6th day of May 2016, at Hartford, Connecticut.

                                              /s/
                                Vanessa L. Bryant
                                United States District Judge